## BUNTING *vs.* BEIDEMAN *et al.*

A contract for the sale of goods, for the price of two hundred dollars or over is void; unless a note or memorandum of such contract be made in writing, and be subscribed by the parties to be charged therewith; or, unless the buyer shall accept or receive part of such goods; or, unless the buyer shall at the time pay some part of the purchase money; but *Held*, where the evidence given at the trial did not appear to be fully returned, and there appeared to have been no objection raised or exception taken to the insufficiency of the evidence, that this court would presume that sufficient evidence of a proper character was given to warrant the finding of the jury.

In such case, had a contract in writing been proved, it would not have been necessary to file it with the clerk; and his certificate that he has returned a true and complete transcript of all the papers, &c., in the cause, *on file and of record in his office*, does not show that no contract in writing was proved.

On appeal this court will not consider the testimony as returned, unless it appears in the way of a "statement of facts" settled by the parties, or unless it appears from the return of the clerk that he took down the testimony in writing, at the trial, and at the request of one of the parties.

APPEAL from the superior court of the city of San Francisco. The action was brought to recover the price of thirty-five cases of boots and shoes alleged in the complaint to have been bargained and sold by the plaintiff to the defendants. No objection was made, and no exception taken, by the defendants at the trial, on the ground that a legal contract of sale was not established, and the evidence appeared from the record to have been but partially returned. Judgment was rendered in favor of the plaintiff in the superior court, from which the defendants appeal.

*Allen T. Wilson*, for plaintiff.

*Gregory Yale*, for defendants. It does not appear from the record that the contract sought to be enforced was a valid contract within the Statute of Frauds. Section 13 of the Act concerning Fraudulent Conveyances and Contracts, passed April

19, 1850, is as follows:—"Every contract for the sale of any " goods, chattels, or things in action, for the price of two hun- " dred dollars or over, shall be void, unless, 1st, a note or me- " morandum of such contract be made in writing, and be sub- " scribed by the parties to be charged therewith; or, 2d, unless " the buyer shall accept or receive part of such goods, or the " evidences, or some of them, of 'such things in action; or, 3d, " unless the buyer shall at the time pay some part of the pur- " chase money." It does not appear that either of these re- quirements of the statute was complied with; the price of the goods was more than $200; and the clerk certifies that he has returned a true and complete transcript of the papers and pro- ceedings, &c., on file and of record in his office.

*By the Court*, BENNETT, J.   The action is brought to recover damages for breach of a special contract for the sale of goods. An answer was put in, and the cause tried before a jury. A verdict was taken for the plaintiffs, in accordance with which judgment was rendered.

It is now claimed that it does not appear that the contract up- on which the suit is founded, was in writing, and that it was, therefore, void within the Statute of Frauds. The conclusion follows, if the premises be correct; and the sole question for our determination is whether the record shows that the contract set up was merely a verbal contract.

There are two ways prescribed by our Practice Act for bring- ing under review, on appeal, the proceedings at the trial.   One is by preparing and settling a statement of facts by the parties, according to the 272d section; but there is nothing of that kind in the record.   The other mode is pointed out by section 271, which says: "On the trial in the court below, any party may " require the clerk to take down the testimony in writing; " when so taken down, it shall serve as a statement of facts, un- " less the parties shall afterwards agree to one."   But the clerk was not, in pursuance of this section, requested to take down the testimony, nor did he take it down.   On the contrary, the papers show with sufficient certainty, that no effort was made to

preserve any evidence, for the purpose of bringing the case under review in this court.   The testimony of two witnesses, taken *de bene esse*, is returned by the clerk, for no other reason, that we can perceive, than because it was on file in his office; but he does not undertake to give a transcript of the other evidence, either oral or documentary, which was offered to the jury.   We think, in such case, there not appearing to have been any exception taken or objection raised, that we ought to presume that sufficient evidence of a proper character was given to warrant the finding of the jury.

But the counsel for the appellants contends that the certificate of the clerk shows that no written contract was proved. The clerk certifies that he has returned " a true and complete " transcript of all the papers, entries, depositions, written testi- " mony, proceedings and judgment, had in said court, in said " cause, as appears on file and of record in this office."   He does not certify that no contract in writing was proved at the trial. Had such a contract been introduced and proved to the jury, it was not necessary to file it with the clerk, and his certificate, consequently, amounts to nothing for the purpose of showing that no such contract was proved.   The judgment should be affirmed.

Ordered accordingly.